[Civ. No. 10599. First Appellate District, Division Two.—July 5, 1938.]

## CHRIS PETERSEN, as Trustee, Appellant, v. FRANK DONEGANI et al., Respondents.

Joseph A. Brown for Appellant.

R. L. Husted, Aaron W. Cohen and Sidney Rudy for Respondents.

NOURSE, P. J.—Plaintiff sued for secret profits alleged to have been retained by defendants while acting as his agents in a real estate transaction. An action of a similar nature brought by Ralph Munson was joined for trial before the court sitting without a jury. Munson had a judgment by stipulation. The defendants had a judgment against the plaintiff in this cause from which he appeals.

The trial court found that none of the defendants was at any time acting as agent for plaintiff. This finding is based upon the positive testimony of plaintiff denying any such agency. The trial court found that the plaintiff agreed with the defendants, as agents for the buyer, to sell the property at a fixed price, that ·the sale was made as agreed. This finding is·supported by the only evidence on the issue. It was found that the defendants did not obtain a secret profit and did not cheat or defraud the plaintiff. The only evidence on the charge of a secret profit negatived the charge. On the other issues, the plaintiff made no proof at all. His present attack upon these findings simply calls for the time-worn reply that the trial court must pass upon the credibility of the witnesses.

There are only two questions raised by appellant which require consideration—the refusal to permit appellant to examine the plaintiff in the consolidated action under section 2055 of the Code of Civil Procedure, and the claimed error in the exclusion of certain testimony.

On the first question, the appellant cites no authorities and makes no showing of prejudice. The transcript discloses that he was given wide range in his examination of Munson, and that he failed to show that the witness was an adverse party. It is such a party that can be examined under the code section, but the fact that two parties are separately suing the same defendants for secret profits—the one having a good cause of action, the other having none—does not necessarily make them adverse parties. The determination of the status of the witness is a matter primarily with the trial court, and, until error is shown, this court may not interfere.

Appellant complains of the ruling of the trial court limiting his examination in rebuttal of the co-plaintiff and wife. The only showing which he makes on this point is in reference to questions upon irrelevant and cumulative matters. Appellant failed to make a *prima facie* case in his own behalf. This so-called "rebuttal" was designed to impeach the testimony of Munson in relation to his own case. There is no suggestion of any possible error so far as appellant is concerned.

The judgment is affirmed.

Sturtevant, J., and Spence, J., concurred.